990 F.2d 1266
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Howard Dennis WHITE, Petitioner-Appellant,
v.
UNITED STATES of America, Respondent-Appellee.
 No. 92-55725.
 United States Court of Appeals, Ninth Circuit.
 Submitted April 7, 1993.*
Decided April 16, 1993.
 
 Before BROWNING, KOZINSKI and RYMER, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Howard Dennis White appeals pro se the district court's dismissal of his 28 U.S.C. § 2241 habeas petition. White contends that the district court erred by dismissing his petition as successive. We have jurisdiction under 28 U.S.C. § 2243, and we affirm.
 
 
 3
 We review for an abuse of discretion the district court's dismissal of a habeas petition as successive. Campbell v. Blodgett, 982 F.2d 1321, 1324 (9th Cir.1992). "A district court abuses its discretion when it bases its decision on an erroneous legal conclusion or on a clearly erroneous finding of fact." Id.
 
 
 4
 A district court may dismiss a habeas petition as successive if it raises the same issue raised in a prior habeas petition and the prior habeas petition was decided on the merits. Id. at 1323. "[A] different factual basis or argument asserted to support the same legal theory advanced previously does not constitute a new ground for relief and is successive." Id. at 1324.
 
 
 5
 Here, White was arrested and convicted on state criminal charges while on a special parole term for a federal conviction. During White's state prosecution, the United States Parole Commission (Commission) issued a parole violator warrant against White, executed the warrant, withdrew the executed warrant, reinstated supervision, reissued the violator warrant, and placed a detainer against White. White filed a habeas petition asking for a parole revocation hearing and the right to have all the time spent in custody subsequent to the execution of his parole revocation warrant credited to him as federal time. White claims that the Commission's actions violated his right to due process. These same claims were made by White in a previous habeas petition. In the previous petition, the district court found that White was not entitled to a revocation hearing until he returned to federal custody and the Commission properly withdrew and reissued the warrant pending the outcome of the state charges. White filed a notice of appeal on the previous petition, but he subsequently withdrew the appeal. We later denied White's motion to reinstate his appeal.
 
 
 6
 White's habeas petition raises the same claims litigated and decided in a previous habeas petition. The district court properly dismissed White's petition as successive. See Campbell, 982 F.2d at 1323-24.[1]
 
 
 7
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. We therefore deny White's request for oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 We deny White's motion for a second extension of time to file a reply brief